UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE WILLIAMS,<br><br>Defendant. | Docket: Cr. No. 2:16-00255 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

This matter comes before the Court upon the contested motion of Defendant Bruce Williams ("Defendant") for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 103. Having carefully considered the parties' submissions, the Court decides the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

### I.   BACKGROUND

On June 2, 2016, Defendant pleaded guilty to conspiracy to distribute, and possession with intent to distribute, heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a) (1) and (b) (1) (C), in violation of Title 21, United States Code, Section 846. ECF No. 96. On January 27, 2017, the defendant was sentenced to 27 months of imprisonment and 3 years of supervised release. ECF No. 98.

In or about August 2019, Williams began serving his 3-year term of supervised release, and on July 22, 2021, with more than a year remaining on his term supervised release term, Williams filed the present motion for early termination because he has "successfully complied with all the conditions of supervised release" including reporting as directed, passing all urine tests, and satisfying all monetary obligations imposed by the Court. ECF No. 103, Cert. of Counsel at ¶¶ 4, 7. The U.S. Probation Office does not object to Defendant's request. *Id.* at ¶ 7. Williams further argues that early termination of supervised release is appropriate due to his early release from confinement to a half-way house for good behavior, his father's poor health, and his successful work history, including starting his own business. *Id.*, Cert. of Def. at ¶¶ 4-8.

The Government opposes Defendant's motion, arguing that neither Defendant's circumstances nor the interests of justice warrant early termination of supervision.

## II. ANALYSIS

Courts enjoy broad discretion in deciding whether to grant early termination of supervised release. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In determining whether the defendant's conduct and the interest of justice warrant the relief sought, courts must consider the following sentencing factors:

(1) the nature and circumstances of the offense and the defendant's history and characteristics;

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentence and sentencing range established for the defendant's crimes;

(4) pertinent policy statements issued by the United States Sentencing Commission;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

*Melvin,* 978 F.2d at 52 (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)).

District Courts need not "make specific findings of fact with respect to each of the factors," nor must they find that extraordinary or changed circumstances exist in order to grant a defendant's request for early termination of supervised release. *Id.* at 52-53. Because § 3553(a) requires that sentences be "sufficient, but not greater than necessary when first pronounced," however, early termination of supervised release will generally "be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* at 53 (internal citations and quotation marks omitted); *see also United States v. Szymanski*, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release[.]"). "[M]ere compliance with the terms of . . . supervised release is what is expected . . . , and without

more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is neither warranted nor in the interest of justice here. First, the Court remains satisfied that the imposition of Defendant's sentence was appropriate "in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a)." *United States v. Ferriero*, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020). Indeed, Defendant has not argued that his sentence was not appropriate. Defendant was part of a sophisticated and organized drug trafficking operation that transported bulk quantities of heroin, typically in "raw" (or unpackaged) form, from Essex County, New Jersey, and supplied it to various dealers, sub-dealers, and end users in Middlesex and Somerset Counties. Defendant and his coconspirators used various "stash houses" and other temporary locations to package, store, and distribute the heroin, took steps to avoid detection by law enforcement, used prepaid cellular phones with fictitious or no subscriber information, and then shared the profits from their drug trafficking with members and associates of a street gang operating in and around Middlesex and Somerset counties. ECF No. 1. The significant nature and extent of the facts involved in the underlying offense and the direct impact of such drug distribution network on Essex, Middlesex, and Somerset Counties weigh against the early termination of Defendant's supervised release.

Second, Defendant's compliance with all conditions of his release, including refraining from drug use or engaging in criminal conduct, is commendable; however, compliance with the conditions of his supervision is precisely what is expected of him. Moreover, while Defendant's efforts maintain steady employment and care for his family are equally commendable, Defendant has not argued that the conditions of his supervision hinder him from caring for his ill father or operating his business. Thus, the Court is not satisfied that sufficiently "new or unforeseen circumstances" warrant early termination of supervised released. *See Melvin*, 978 F.3d at 53.

In sum, in light of the Court's consideration of the § 3553(a) factors and lack of "new or unforeseen circumstance" justifying early termination of supervised release, the Court declines to exercise its discretion to terminate Defendant's supervised release.

### III.   CONCLUSION

For the reasons stated above, Defendant's motion, ECF No. 103, is **DENIED**. An appropriate Order shall follow.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 30, 2021**